IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>REGINA D. LEROY, aka Regina L. Leroy;<br>SAN JOAQUIN COUNTY TREASURER;<br>and<br>STATE OF CALIFORNIA<br>FRANCHISE TAX BOARD<br><br>　　　　Defendants. | Case No. 2:18-cv-01777-MCE-DB<br><br>**ORDER OF FORECLOSURE AND JUDICIAL SALE** |

This Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§2001 and 2002 and 26 U.S.C. §§7402 and 7403. The Court hereby ORDERS as follows:

1.　On July 24, 2018, the United States of America and Regina D. Leroy filed a Joint Motion to enter Judgment and for Order of Foreclosure and Judicial Sale.

2.　Pursuant to the Joint Motion, the United States of America is entitled to the relief requested in Count I of its Complaint and is entitled to a total judgment

against Regina D. Leroy for unpaid taxes liabilities in the total amount of $177,653.70 as of January 31, 2018, less any additional credits according to proof, plus statutory interest and other statutory additions as provided by law, pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c), until paid.

3. This Order pertains to one parcel of real property located at 401 East Mendocino Avenue in Stockton, California ("Subject Property"), and legally described as follows:

> Lots 6, 7, 8 and the Southerly 5 feet of Lot 5 in block 2 of the Northern Addition to the City of Stockton, Map "B", according to the Official Map or Plat thereof filed for record November 15, 1895 in Volume 2 of Maps and Plats, Page 25, San Joaquin County Records.

Assessor's Parcel No: 125-310-39

4. Regina D. Leroy obtained an interest in the Subject Property by Grant Deed recorded with the County Recorder for the County of San Joaquin, California, on October 1, 2009, which conveyed the Subject Property from Anthony and Regina Martinez to Regina D. Leroy.

5. The United States has valid and subsisting tax liens on all property and rights to property of Regina D. Leroy arising from the assessment described in Paragraph 8 of the Complaint (ECF Doc. 1), which liens are effective as of the dates of those assessments. The United States further protected its liens by filing Notices of Federal Tax Liens with the County Recorder for San Joaquin County, California as follows:

///
///

| NFTL Recording | Taxpayer Name on NFTL | Tax | Tax Period(s) |
| --- | --- | --- | --- |

| Date | | Type(s) | |
|---|---|---|---|
| 11/07/2011 | Regina L. Leroy | Income | 2007 |
| | | Income | 2009 |
| | | Income | 2010 |

6. 26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Regina D. Leroy.

7. The United States' federal tax lien against the Subject Property is hereby foreclosed. The United States Marshal, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§2001 and 2002 to offer for public sale and to sell the Subject Property free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshall or a PALS representative to carry out the sale under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sales as set forth in this Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

8. The United States Marshal, his/her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

9. The terms and conditions of the sale are as follows:

    a. Except as otherwise stated herein, the sale of Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests.

    b. The sales shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

    c. The sales shall be held at the United States District Court for the Eastern District of California, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

    d. Notice of the sales shall be published once a week for at least four consecutive weeks before the date fixed for the sales in at least one newspaper regularly issued and of general circulation in San Joaquin County, California, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. State or local law notice requirements for foreclosures or execution sales do not apply to these sales under federal law, and state or local law regarding redemption rights do not apply to these sales. The notice or notices of sale shall describe the Subject Property and shall contain the material terms and conditions of sale in this Order of Foreclosure and Sale.

e. The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the minimum bid or sell to the highest bidder.

f. Bidders shall be required to deposit, at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of ten percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the Eastern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g. The balance of the purchase price of the Subject Property in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. §1921(c), with any amount remaining to be applied first to the federal tax liabilities of Regina D. Leroy. The Subject Property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or,

in the alternative, sold to the second-highest bidder or bidders (if there are multiple sales). The United States may bid as a credit against its judgment without tender of cash.

        h.       The sale of the Subject Property shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

        i.       Upon confirmation of the sale or sales, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser or purchasers.

        j.       Upon confirmation of the sale or sales, the interests of, liens against, or claims to the residence and to the lot held or asserted by the United States in the Complaint and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. §2001. Redemption rights under state or local law shall not apply to this sale under federal law.

        k.       Upon confirmation of the sale or sales, the purchaser or purchasers shall have the Recorder of San Joaquin County, California cause the transfer of the Subject Property to be reflected in the San Joaquin County property records.

    11.       Until Parcel the Subject Property is sold, Regina D. Leroy shall take all reasonable steps necessary to preserve the residence and the lot (including all buildings, improvements, fixtures, and appurtenances thereon) including,

without limitation, maintaining fire and casualty insurance policies on the Subject Property. She shall keep current in paying real property taxes as they are assessed by San Joaquin County, California. She shall not commit waste against the Subject Property, nor shall she cause or permit anyone else to do so. She shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall she cause or permit anyone else to do so. She shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall she cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of Court and punishable as such. The stay of this Order, described in Paragraph 16, below, shall be lifted by the Court in the event any of the provisions of this paragraph are violated.

12. All persons occupying the Subject Property shall leave and vacate permanently such properties no later than the day after the stay of this Order, described in Paragraph 16, below, expires, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave and vacate the residence or the vacant lot by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property or properties is being conducted by a PALS representative. If any person fails or refuses to remove his or her personal

property from the Subject Property by the time specified herein, the personal property remaining at the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

13. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the Subject Property is confirmed by this Court, the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Subject Property to the purchaser or purchasers thereof.

14. If Regina D. Leroy, or any other person occupying the Subject Property vacates the Subject Property prior to the deadline set forth in Paragraph 12, above, such person shall notify counsel for the United States no later than two business days prior to vacating the property of the date on which he or she is vacating the property. Notification shall be made by leaving a message at the Tax Division, Western Region Front Office, (202) 307-6413. If Regina D. Leroy vacates the Subject Property prior to the deadline set forth in Paragraph 12, she shall file a forwarding address with the Court within fifteen days of vacating the property and shall serve a copy of the same upon the United States and all other parties to this litigation.

15. The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following order of preference until these expenses and liens are satisfied:

    a. first, to the IRS for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. §1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the real property at issue pending sale and confirmation by the Court;

    b. second, to San Joaquin County Treasurer for any and all liens it may have on the Subject Property for unpaid property taxes or special assessments at the time of the sale; and

    c. any balance remaining after the above payments shall be held by the Clerk until further order of the Court as to priority of other interested parties, including the United States.

16. This Order is stayed until the earlier of (1) Regina D. Leroy's death, (2) the date after Regina D. Leroy no longer lives on the Subject Property, or (3) Regina D. Leroy breaches the terms of her agreements with the United States, which were executed by her on December 21, 2017, except for the provisions contained in Paragraphs 11, 14, 16, 17, of this Order, which shall take effect on the date on which the Order is entered. If Regina D. Leroy moves or otherwise no longer lives on the Subject Property, she must contact the Department of Justice

of such fact by leaving a message at the Tax Division, Western Region Front Office, (202) 307-6413.

17. Upon entry of this Order, the Court will administratively close this case but retain jurisdiction over the case. The United States will not need to seek further approval of the Court in order to sell the Subject Property at a judicial sale once the events described in Paragraph 16, above, occur and the stay of this Order is automatically lifted.

18. Regina D. Leroy is automatically dismissed from the case once the stay of the Order of Foreclosure and Judicial Sale is automatically lifted. Regina D. Leroy waives any right to further notice of the judicial sale and any right to receive notice or to be heard regarding the eventual judicial sale of the Subject Property or the distribution of any sale proceeds.

IT IS SO ORDERED.

Dated: July 30, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE